## Daniel Steiner, Appellant, *v.* J. W. Bartlett.

*Practice, C. P.—Affidavit of defense—Sufficiency.*

While the wholesome and well established rules applicable to affidavits of defense are not to be relaxed, neither are the subtleties of special pleading to be invoked, and it follows therefore that reasonable certainty and particularity in setting forth the facts of the defense are enough.

Where the defense turns on the authority for an act by defendant as plaintiff's agent an affidavit is sufficient which alleges that defendant was in fact plaintiff's agent; that he made the disputed sale as such agent, and subsequently reported same and its terms to the plaintiff, who expressed no dissent.

Argued May 6, 1896. Appeal, No. 82, April T., 1896, by plaintiff, from order of C. P. Clarion Co., Nov. T., 1895, No. 129, discharging rule for judgment for want of sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit to recover the sum of $529, with interest from April 13, 1893, being the value of two flat bottom boats alleged to have been procured by defendant and sold by him without authority from plaintiff, the owner. The court discharged the rule for judgment for want of sufficient affidavit of defense.

The facts sufficiently appear from the opinion of the Superior Court.

*Error assigned* was discharging the rule for judgment for want of sufficient affidavit of defense.

*Geo. F. Whitmer*, for appellant.

*B. J. Reid*, with him, *Harry R. Wilson C. Z. Gordon* and *F. J. Maffett*, for appellee.

OPINION BY WICKHAM, J., May 28, 1896:

The plaintiff in his statement of claim avers that the defendant, representing himself as his agent, obtained two flat boats, the property of the plaintiff, at the time in the custody of third parties for safe keeping, and disposed of the same " without the knowledge, authority or consent of the said plaintiff, and has not yet rendered any account thereof to the said plaintiff, although requested so to do."

The defendant, in his original and supplemental affidavits of defense which must be considered together, alleges that he was in fact the agent of the plaintiff, for the purpose of selling the boats, and that as such agent he sold them for the sum of $529 to one W. W. O'Neil, Jr., the said price to be paid by O'Neil to the plaintiff. In addition to the prior authority, thus set up, the defendant also avers, that after the sale was made he informed the plaintiff thereof and of its terms, and that the plaintiff expressed neither dissent nor dissatisfaction until O'Neil became insolvent.

The learned counsel for the plaintiff by an ingenious and somewhat refined course of reasoning, undertakes to show that the fact of the agency, its terms, etc., are not sufficiently set out in the affidavits of defense. We cannot agree with him. Reasonable certainty and particularity in setting forth the facts of the defense are enough, and both exist here. To require more, would take us back to the subtleties of special pleading. Showing that an affidavit of defense might be more clear, definite and particular does not always prove its insufficiency to prevent judgment. By these remarks, we do not wish it to be understood that we have any desire to sanction a relaxation of the well established and wholesome rules applicable to affidavits of defense.

The appeal is dismissed at the costs of the plaintiff, but without prejudice to his right to trial by jury, etc.